IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>          Plaintiff, <br><br> vs. <br><br> JENNIFER CAMPBELL, <br>          Defendant. | **CASE NO: 2:21MJ330 JCB** <br><br> **DETENTION ORDER** |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ **A. Motion** of the Government attorney pursuant to **18 U.S.C. § 3142(f)(1)**, because defendant is charged with

☐ **(A)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(B)** an offense for which the maximum sentence is life imprisonment **or** death;

☒ **(C)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(D)** any felony if such person has been convicted of two or more offenses described in subparagraphs (1) through (3) of this paragraph, or two or more

☐ **(E)** any felony that is not otherwise a crime of violence but involves:(a) a minor victim; (b) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (c) any other dangerous weapon; or (d) a failure to register under 18 U.S.C. § 2250;

      **OR**

☐ **B. Motion** of the Government or Court's own motion pursuant to **18 U.S.C. § 3142(f)(2)**, because

☐ **(A)** defendant poses a serious risk of flight if released, or

☐ **(B)** defendant poses a serious risk of obstructing or attempting to obstruct justice if released;

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

- ☐ **(1)** the defendant is charged with one of the crimes described in 18 U.S.C. § 3142(f)(1) which are listed in Part I A. above.
- ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; *and*
- ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; *and*
- ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☒ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum imprisonment of 20 years or more is prescribed; *or*
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

- ☒ The defendant has not introduced sufficient evidence to rebut the presumption above.
  **OR**
- ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

**Part III - Analysis and Statement of the Reasons for Detention**

  After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

  ☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

  ☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

(1) Nature and circumstances of the offense(s) charged in the present case:
 ☒ Subject to lengthy period of incarceration if convicted
 ☐ Subject to removal or deportation after serving any period of incarceration
 ☒ The crime is one identified as carrying a presumption of detention (as identified in Part II A. or B)
 ☐ The defendant attempted to evade law enforcement at the time of arrest
 Other: Click or tap here to enter text.

(2) Weight of evidence against the defendant is strong because an drug production lab was found inside Defendant's residence, which tends to show that she is involved with producing and distributing illicit narcotics.

(3) History and characteristics of defendant
 ☐ Prior criminal history
 ☐ Participation in criminal activity while on probation, parole, or supervision
 ☐ Prior violations of probation, parole, or supervised release
 ☐ History of violence or use of weapons
 ☐ History of alcohol or substance abuse
 ☒ Lack of stable employment
 ☐ Lack of stable residence
 ☐ Lack of financially responsible sureties
 ☐ Lack of significant community or family ties to this district
 ☐ Significant family or other ties outside the United States
 ☐ Lack of legal status in the United States
 ☐ Prior failure to appear in court as ordered
 ☐ Prior attempt(s) to evade law enforcement
 ☐ Use of alias(es) or false documents
 ☐ Background information unknown or unverified
 ☐ On probation, parole and/or release pending trial, sentence, appeal, or completion of sentence at the time of the alleged offense

(4) Nature and seriousness of danger posed by person's release:
 ☐ The defendant poses the following danger: Click or tap here to enter text.
 ☐ The risk of that danger is: Click or tap here to enter text.

OTHER REASONS OR FURTHER EXPLANATION:

Defendant has access to cryptocurrency in what appears to be significant enough amounts to pose an unmanageable risk of nonappearance. Defendant's phone--which Defendant claimed was lost but in actuality was not--contains indicia of access to and use of cryptocurrency. Although cryptocurrency, by itself, is not a reason to detain, cryptocurrency's portability and anonymity create a concern in conjunction with other factors to create an unmanageable risk. Defendant was unemployed for years but was able to maintain a home in Murray, Utah, which is not an inexpensive area of the Salt Lake Valley. Defendant was also able to pay child support and go on a cruise even though she had no verifiable source of income. The operation with which Defendant appears to be involved was sophisticated, involved extensive use of the dark web, relied on cryptocurrency, and resulted in foreign contacts. This operation continued for what appears to be several years. The court is not persuaded that her family ties with her son are sufficient to keep her in the United States because for the past several years, she appears to have helped run a drug production lab in the home at which her son frequently visited. This level of endangerment of a child does not support that she would not leave him given the potentially lengthy prison term that Defendant is facing. Although Defendant has no criminal history, which is counter in her benefit, the nature of this operation and her access to anonymous crypto currency, apparent extensive dealings on the dark web, the level of sophistication with which Defendant worked, the presumption of detention that applies in this case, the potentially lengthy prison time, and the preponderance of the evidence burden of proof, the court finds that she should be detained as an unmanageable risk of nonappearance.

Conditions which restrict Defendant's travel, personal contacts, and possession of drugs, alcohol, and/or firearms; require reporting, education, employment, or treatment; or monitor Defendant's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if the defendant is released.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated April 28, 2021

BY THE COURT:

_____
JARED C BENNETT
United States Magistrate Judge